# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 15, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES G. DELBERT,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0257** (BOR Appeal No. 2047771)
                              (Claim No. 990051738)

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles G. Delbert, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company, by Edward M. George III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 12, 2013, in which the Board affirmed a September 24, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges denied attorney's fees incurred in the protest of the claims administrator's November 16, 2011, decision which denied a request for the medications Gabapentin and Metaxalone. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Delbert was injured in the course of his employment on February 13, 1999, when working as a coal miner for Consolidation Coal Company. The claim was held compensable. On November 16, 2011, the claims administrator denied Mr. Delbert's request for the medications Gabapentin and Metaxalone since the same medications were requested in a separate claim where he suffered an injury resulting in a thoracic sprain. The Office of Judges reversed the claims administrator's November 16, 2011, decision and held that the medications Gabapentin

1

and Metaxalone are medically related and reasonably required for the compensable injury. Mr. Delbert then requested attorney's fees and costs.

The Office of Judges denied Mr. Delbert's petition for attorney's fees and costs arising from the reversal of the claims administrator's November 16, 2011, decision and found the denial of the medications was not unreasonable at the time of the Order. The Board of Review affirmed the Office of Judges' Order. On appeal, Mr. Delbert disagrees and asserts that the claims administrator did not deny the medications based on medical necessity or reasonableness but for the clerical error that the medications were already requested in another claim. He further asserts that the facts and law permitted these medications at the time of denial and therefore, the denial of medication was unreasonable and contrary to the evidence, statutes, regulations, and case law. Consolidation Coal Company maintains that the claims administrator's denial of the medications was not unreasonable at the time of the claims administrator's decision because the matter was complicated by the treating physician requesting the same medications in a separate claim.

The Office of Judges determined that even though Mr. Delbert received a successful appeal of the claims administrator's November 16, 2011, decision that this did not necessarily entitle Mr. Delbert to attorney's fees and costs. The Office of Judges found that this matter was complicated by the treating physician requesting the same medications in two separate claims that involved two separate injuries. In the other claim, the claims administrator requested additional documentation, and it was not submitted, which lead to the denial of the medications. The Office of Judges found that the treating physician requested the medications in this claim after requesting the same medications in the other claim. West Virginia Code § 23-2C-21(c) (2009) states that if the Office of Judges finds a denial of medical benefits was unreasonable, then reasonable attorney's fees and costs incurred in the process of obtaining a reversal of the denial shall be awarded to the claimant. The Office of Judges concluded that the claims administrator did not act unreasonably in its decision as required under West Virginia Code § 23-2C-21(c) based on the evidence available to the claims administrator at the time of its decision. The Board of Review agreed with the findings and conclusions of the Office of Judges. The evidence does not prove that the claims administrator acted unreasonable in denying these medications. This Court agrees with the conclusions of the Board of Review and the findings of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 15, 2014**

2

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II